## Speir v. Jackson International Co.

(Division B. May 12, 1931. Suggestion of Error Overruled, June 1, 1931.)

[134 So. 176. No. 29338.]

Ross R. Barnett and E. L. Shelton, both of Jackson, for appellant.

May, Sanders, McLaurin & Byrd, of Jackson, for appellees.

**Ethridge, P. J.,** delivered the opinion of the court.

Speir was plaintiff in the court below, and filed a suit for damages for the improper installation of a gasoline engine in a building owned by Speir. The gist of the complaint is that a vent pipe should have been extended outside of the building in which the gasoline engine was placed, and that the International Company had contracted to install the machinery in a proper, safe, and workmanlike manner.

The contract of purchase upon which the action is founded, among other things, had a clause in which it was recited that the purchaser retained a copy of the contract, which, together with the warranty agreement on the back thereof, is understood to be the entire contract, and the contract was subject to acceptance by the dealer to whom the order was addressed. The order was taken by one R. F. Clenney, and was accepted for the company by J. G. Coleman. Among the provisions on the back of the contract referred to is a provision that "no agent of the seller has authority to alter, add to, or waive the above warranties which are agreed to be the only warranties given, and in lieu of all implied warranties." The contract did not call for the installation of the engine in the building, but merely for its delivery. It appears that one of the representatives of the company, after the engine was delivered in the building, came in the building on the Monday following the delivery and made statements to the effect that it was not necessary for the vent pipe to be extended to the outside of the building.

After the engine was set up, Mr. Speir was operating it and was overcome by fumes of monoxide gas, from which he suffered illness and contracted physician's bills. There was no proof that the party who made the representation with reference to the safety of the operation without the vent pipe extending outside the build-

ing was authorized by the company to either install the machinery or to make any representations on its behalf. The proof on behalf of the company is to the effect that he had no such authority, and there is nothing from which we can infer the evidence was false.

There was a peremptory instruction for the Jackson International Company in the court below, from which this appeal is prosecuted. A careful consideration of the contract in the record shows that the only obligation of the company was to deliver the machinery at the place where it was delivered. It expressly stipulated in the contract that the contract contained all the terms of contract, and that no agent had any authority to make verbal representations not contained in the contract. The contract was not effective until it was accepted by the company at its office through its proper agent. In other words, the selling agent had no authority to make representations or agreements not contained in the contract on behalf of the company. We have repeatedly held that it is competent for a company in conducting its business to limit the authority of its agents to forwarding the contract for acceptance by the company through its proper agents and officers, and to insert such provisions as are referred to in this opinion in their contracts, and that such contracts are valid. We are therefore of the opinion that the learned court below was correct in giving the peremptory instruction for the defendant.

Affirmed.